UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAFAEL CRUZ, Individually and on Behalf of
All Other Similarly Situated Current and Former
Employees,

                              Plaintiff,

             -against-

ROSE ASSOCIATES, LLC, 98 RIVERSIDE
DRIVE, LLC, and 340 EAST 52ND STREET,
LLC, BRADFORD EMPLOYEES LLC, and
AVJE INC.,

                              Defendants.
-------------------------------------------------------------- X

13 Civ. 0112 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

      This is a proposed collective and class action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"). Rose Associates, Inc., 93 Riverside Drive, LLC, and 340 East 52nd Street, LLC have moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiff Rafael Cruz has failed to state a claim.

      For the reasons that follow, Defendants' Motions to Dismiss is denied.

**I.    Background**

    **A.    Factual Background**

      The following facts are taken from Plaintiff's Complaint and Amended Complaint and are presumed true for purposes of this motion.

      From July 2010 to March 2011, Raphael Cruz ("Plaintiff"), a resident of the Bronx, New York, was employed as a maintenance worker and porter at 34 East 52nd Street, New York, New

York, and 98 Riverside Drive, New York, New York, two residential buildings in New York City ("the Buildings"). Plaintiff alleges that, together, Rose Associates, LLC, Rose Associates, Inc., Bradford Employees, LLC, AVJE Inc., 93 Riverside Drive, LLC, and 340 East 52nd Street, LLC (together, "Defendants") are engaged in the business of maintaining and operating the Buildings, and that Plaintiff performed his duties at the Buildings as a joint employee of Defendants.

While employed as a maintenance worker and porter, Plaintiff was tasked with, *inter alia*, cleaning and maintaining the Buildings, taking out the trash, and mopping the floors. These and other types of manual labor occupied the majority of Plaintiff's time. Plaintiff could not hire, fire, discipline, or schedule other employees; nor did he exercise any meaningful degree of independent discretion. Other prospective class members performed the same or similar duties.

Plaintiff alleges that he regularly worked in excess of 40 hours per week, and that Defendants failed to properly compensate him, as well as other maintenance workers and porters, for their overtime.

**B.     Procedural Background**

Plaintiff filed his Complaint on January 7, 2013. (Dkt. No. 1 ("Compl.").) Defendants moved to dismiss the Complaint on February 13, 2013. (Dkt. No. 9 ("Def.'s Mem.").) Plaintiff opposed on March 6, 2013. (Dkt. No. 14.) Along with his Opposition to Defendant's Motion, Plaintiff also filed an Amended Complaint. (Dkt. No. 13, Ex. A ("Am. Compl.").)[1] Defendants replied on March 13, 2012. (Def.'s Rep.)

---

[1] Defendants have urged the Court to deny Plaintiff leave to amend. (Dkt. No. 15 ("Def.'s Rep.") at 10.) Plaintiff, however, was within his rights to amend his Complaint as a matter of course pursuant to Rule 15(a)(1)(B). Even were this not the case, the Court would have granted leave to amend pursuant to Rule 15(a)(2). *See Anderson News, LLC v. Am. Media, Inc.*, 680

**II.     Legal Standard**

Pursuant to Rule 8(a)(2), a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss under Rule 12(b)(6), however, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also ATSI Comm., Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007) (explaining that a plaintiff must state "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'" (quoting *Twombly*, 550 U.S. at 546)).  While *Iqbal* and *Twombly* call for plausible and fact-based allegations, they do not contemplate a "heightened standard that requires a complaint to include specific evidence, factual allegations in addition to those required by Rule 8." *Artista Records, LLC v. Doe 3*, 604 F.3d 110, 110 (2d Cir. 2010).  Moreover, although a complaint must state "enough fact to raise a reasonable expectation that discovery will reveal evidence," a plaintiff need not demonstrate that his allegations are probable.  *Twombly*, 550 U.S. at 556.

When deciding a motion to dismiss, a court is obliged to "accept as true all of the factual allegations contained in the complaint," *id.*, at 572, drawing "all inferences in the light most favorable to the non-moving party's favor." *In re NYSE Specialists Sec. Litig*., 503 F.3d 89, 95 (2d Cir. 2007).  Again, however, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

---

F.3d 162, 185 (2d Cir. 2012) ("When a party requests leave to amend its complaint, permission generally should be freely granted.").

**III.    Discussion**

Defendants contend that Plaintiff has failed to allege sufficient facts indicating that any of the Defendants was Plaintiff's employer, or that Defendants employed Plaintiff jointly. Defendants also argue that Plaintiff has failed to specifically allege the requisite elements of an overtime claim. Defendants' arguments are considered in turn.

**A.    Allegations that Defendants Were Plaintiff's Employers.**

An employer is defined under FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.A. § 203(d); *see also Spicer v. Pier Sixty LLC,* 269 F.R.D. 321, 335 n. 13 (S.D.N.Y.2010) (definitions of "employer" under NYLL and FLSA are coextensive). In order to determine if one is an "employer," courts apply the so-called "economic realities" test, under which "the relevant factors include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Community College*, 735 F. 2d 8, 12 (2d Cir. 1984)). The "economic realities" test, however, "encompasses the totality of circumstances, no one of which is exclusive." *Id*; *see also Zheng v. Liberty Apparel Co., Inc.*, 355 F. 3d 61, 69 (2d Cir. 2003) (explaining that *Hermann* does not "support[] the application of a rigid four-part test," and that while satisfaction of the four *Carter* factors "can be *sufficient* to establish employ[ment] status . . . a positive finding on those four factors is [not] *necessary* to establish an employment relationship"). Thus, in *Zheng*, the Second Circuit set forth a list of six factors that should be examined, in that instance, to determine whether a garment manufacturer was a joint employer:

4

> (1) whether [the garment manufacturer]'s premises and equipment were used for the plaintiffs' work; (2) whether the Contractor Corporations had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the garment manufacturer]'s process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [garment manufacturer] or [its] agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the garment manufacturer].

*Id.* at 72.  In short, there is "no rigid rule for the identification of an FLSA employer," but rather the determination of the relevant factors in any given case must be made on a case-by-case basis. *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 143 (2d Cir. 2008)

Plaintiff has sufficiently pleaded that he was jointly employed by all of the Defendants. Plaintiff has alleged that the Defendants supervised the maintenance and repair of the Buildings together "through a unified operation of control, for common business purposes." (Am. Compl. at ¶ 16.)  It is also alleged that decisions concerning payment of wages were made jointly: in other words, Defendants jointly misclassified the porters and maintenance workers and had a policy and practice of declining to pay overtime wages.  Taken together, these allegations "raise a reasonable expectation that discovery will reveal evidence" that Defendants are employers of Plaintiff and the members of the putative class within the meaning of FLSA.  *Twombly,* 550 U.S. at 556; *cf. Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451 (RMB), 2011 WL 280799, at *3-4 (S.D.N.Y. Jan. 18, 2011).

### B.      Allegations Establishing an Unpaid Overtime Claim

FLSA requires that "no employer shall employ any of his [non-exempt] employees who in any workweek . . . work[] longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the regular rate at which he is employed," 29 U.S.C. § 207(a)(1). In order to establish a claim under FLSA and NYLL, an

employee must allege that (1) he worked in excess of 40 hours a week, (2) he was a non-exempt employee, and (3) he was paid less than one and one-half times the regular rate for all overtime hours. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 2013 WL 765117, at *4 (2d Cir. Mar. 1, 2013) (explaining that, "to survive a motion to dismiss [a FLSA claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours").

Plaintiff has successfully pleaded each of these elements: he has described his duties with sufficient detail to suggest he was not exempted from the wage and hour laws, and he has specifically pleaded that he worked in excess of 40 hours and week and received no overtime pay. Thus, Plaintiff has stated a claim under FLSA and NYLL. *See Hahn v. Rocky Mountain Exp. Corp.*, No. 11 Civ. 8512 (LTS) (GWG), 2012 WL 2930220, at *2 (S.D.N.Y. July 16, 2012) ("The Complaint alleges that (1) Plaintiff was a non-exempt employee entitled to overtime pay; (2) he worked in excess of 40 hours a week; and (3) he was denied overtime. These suffice to state a claim under FLSA and New York Labor Law.").[2]

---

[2] Nor is Plaintiff required, at the pleading stage, to approximate the number of hours of overtime he worked and for which he has been undercompensated, as long as the "complaint pleads factual content that allows the court to draw the reasonable inference that the defendant unlawfully denied the plaintiff overtime wages, and the allegations give the defendant fair notice of [plaintiff's] claim and the grounds upon which it rests." *Williams v. Skyline Automotive, LLC*, No. 11 Civ. 4123 (SAS), 2011 WL 5529820, at *2 (S.D.N.Y. Nov. 14, 2011) (internal quotation marks and citation omitted); *cf. Church v. St. Mary's Healthcare*, No. 11 Civ. 1198 (NAM) (ATB), 2012 WL 4480556, at *3 (N.D.N.Y. Sept. 26, 2012) (dismissing a wage and hour complaint not "for failing to include an approximate number of overtime hours at issue" but due to "the absence of an allegation that plaintiffs worked in excess of forty hours per week . . ."). Plaintiff's Amended Complaint provides adequate factual content, and thus an approximation of the number of overtime hours worked is unnecessary.
   Moreover, Defendant's reliance on *Lundy* is off the mark. (*See* Def.'s Rep. at 6-7.) There, the Second Circuit held that the plaintiff failed to state a claim because "Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Lundy*, 2013 WL 765117, at *5; *see also id.* (noting that, even assuming the truth of the allegations concerning one of the employees, she did not

**III.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

The Clerk of the Court is directed to close the Motion at Docket Number 8.

SO ORDERED.

Dated:  New York, New York
        April 5, 2013

_____
J. PAUL OETKEN
United States District Judge

---

definitively allege that she worked over 39.75 hours in a given week).  Here, far from merely providing "low-octane fuel for speculation" that he worked overtime, *id.* at *5, Plaintiff has alleged that he "regularly" worked in excess of 40 hours of week.